Christopher S. Alvarez (SBN 294795)
E-Mail: calvarez@fisherphillips.com
Christina M. Anton (SBN 340329)
E-Mail: canton@fisherphillips.com
FISHER & PHILLIPS LLP
621 Capitol Mall, Suite 1400
Sacramento, California 95814
Telephone: (916) 210-0400
Facsimile: (916) 210-0401

Attorneys for Defendant
BEVMO! INC. (*erroneously sued as* BEVMO HOLDINGS, LLC
and BEVMO GC SERVICES, LLC)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON HUELL, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>BEVMO HOLDINGS, LLC, a Delaware Limited Liability Company; BEVMO GC SERVICES, LLC, a California Limited Liability Company,<br><br>                    Defendants. | Case No:<br><br>*[Originally Sacramento County Superior Court Case No. 34-2022-00322210]*<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441(a) AND 1446 (FEDERAL QUESTION JURISDICTION)**<br><br>Complaint Filed: June 21, 2022 |

TO PLAINTIFF SHELDON HUELL AND HIS COUNSEL OF RECORD, AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT DEFENDANT BEVMO! INC. (*erroneously sued as* BEVMO HOLDINGS, LLC AND BEVMO GC SERVICES, LLC) ("Defendant"), through its counsel of record, hereby submits this Notice for Removal ("Notice") to remove this action from the Superior Court of the State of California for the County of Sacramento to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446. In support of the removal, Defendant submits as follows:

**I.    STATEMENT OF JURISDICTION**

1.    This Court has original jurisdiction over this action based on federal question pursuant to 28 U.S.C. § 1331. This action is one that may be removed by this Court by Defendant pursuant to 28 U.S.C. §1441 (a) because it includes a claim for relief that arises out of federal law.

**II.    VENUE**

2.    This action is now pending in the Superior Court of the State of California, County of Sacramento, and thus may be properly removed to the United States District Court for the Eastern District of California, sitting in Sacramento, California pursuant to 28 U.S.C. § 1441(a). *See also* L.R. 120(d).

**III.    PROCEDURAL HISTORY**

3.    This lawsuit arises out of Plaintiff's employment with Defendant. On June 21, 2022, Plaintiff Sheldon Huell ("Plaintiff") filed a Complaint in the Superior Court of the State of California in and for the County of Sacramento styled as *Sheldon Huell, an individual v. Bevmo Holdings, LLC, a Delaware Limited Liability Company; Bevmo GC Services, LLC, a California Limited Liability Company*, Case No. 34-2022-00322210 ("Complaint"). *See* Declaration of Christopher S. Alvarez (hereinafter "Alvarez Decl."), ¶¶ 1-2, Exhibit A. Plaintiff's Complaint alleges the following causes of action against Defendant: (1) Violation of Cal. Gov. Code § 12940; (2) Violation of 42 U.S.C. § 2000e-2 *et seq.*; and (3) Violation of Cal. Lab. Code § 1197.5. *See id.*

4.    On or about July 6, 2022 and July 7, 2022, Defendant was served with the Summons and Complaint. *See* Alvarez Decl. ¶ 3, Exhibit B.

5.      To Defendant's knowledge, all parties have been served with Plaintiff's Complaint. *See* Alvarez Decl., ¶¶ 4-5.

6.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of Plaintiff's Complaint, Summons, and other related documents filed in the Superior Court of the State of California, County of Sacramento are attached to the Declaration of Christopher S. Alvarez in support of this Notice of Removal. *See* Alvarez Decl., Exhibits A-B. Additionally, a Notice of Case Management Conference issued by Sacramento Superior Court on June 23, 2022, which has been served, is attached as Exhibit C to Defendant's Request for Judicial Notice (hereinafter "Defendant's RJN"), filed concurrently herein. Exhibits A through C constitute all process, pleadings, and orders known by Defendant to exist in this action. Defendant is informed and believes these Exhibits constitute the operative pleadings in the state court case filed in this matter.

## IV.    TIMELINESS OF REMOVAL

7.      Removal of a case to federal court is governed in part by 28 U.S.C. § 1441, which generally allows removals of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise[.]" The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

8.      This Notice is filed within thirty (30) days after Defendant was served with the Summons and Complaint. Specifically, on July 6, 2022 and July 7, 2022, Plaintiff served the Summons and Complaint containing a claim for relief subject to federal jurisdiction. *See* Alvarez Decl., ¶ 3, Exhibit B.

## V.     BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

9.      This Court has original jurisdiction over this action because of the existence of a federal question. Specifically, Plaintiff has asserted a claim and seeks remedies under 42 U.S.C.A. § 2000e-2 *et seq.*, or Title VII of the Civil Rights Act of 1964.

10.     "The district courts shall have original jurisdiction of all actions arising under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331. In deciding whether a suit arises under federal law, the district court must abide by the "well-pleaded complaint" rule, under which a suit

arises under federal law only when the plaintiff's statement of her own cause of action shows that it is based on federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

11.     This case plainly arises under federal law. Plaintiff's Complaint refers to and arises out of alleged violations of the following federal statute: 42 U.S.C.A. section 2000e-2 *et seq.* Specifically, Plaintiff alleges that Defendant discriminated against him by paying him at a lower rate than other managers who were "performing substantially similar work." *See* Complaint, ¶¶ 4, 11, 24, 29, 34-36.

12.     Other claims asserted by Plaintiff for relief under California statutes are within the supplemental jurisdiction of this Court under 29 U.S.C. § 1367(a), because they are so related to the Title VII discrimination claim that they form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's other state law claims "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004). *See* Alvarez Decl., ¶ 6. Thus, jurisdiction is appropriate for all of Plaintiff's claims that are related to the federal claim.

## VI.   INTRA-DISTRICT ASSIGNMENT

13.     Pursuant to 28 U.S.C. § 1391(a)(2), venue is proper in the United States District Court for the Eastern District of California, sitting in Sacramento, because a substantial part of the alleged events giving rise to the claims in this lawsuit occurred in the County of Sacramento, and this is an action arising in Sacramento County. L.R. 120(d).

///

///

///

///

///

///

///

///

///

///

DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. §§ 1331, 1367, 1441(A) AND 1446 (FEDERAL QUESTION JURISDICTION)

FP 44762903.1

14.     Promptly after filing of this Notice of Removal, Defendant will file in the Superior Court of the State of California, County of Sacramento, its Notice of Filing of Removal, with a copy of this Notice of Removal attached hereto. Further, Defendant has served upon Plaintiff a copy of this Notice of Removal.

Dated: August 5, 2022                    Respectfully submitted,

                                          FISHER & PHILLIPS LLP


                              By:  */s/ Christopher S. Alvarez*
                                   Christopher S. Alvarez
                                   Christina M. Anton

                                   Attorneys for Defendant
                                   BEVMO!  INC.  (*erroneously   sued   as*   BEVMO
                                   HOLDINGS, LLC and BEVMO GC SERVICES, LLC)

DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. §§ 1331, 1367, 1441(A) AND 1446 (FEDERAL QUESTION JURISDICTION)

FP 44762903.1