1   Christopher S. Alvarez (SBN 294795)
    E-Mail:  calvarez@fisherphillips.com
2   Christina M. Anton (SBN 340329)
    E-Mail:  canton@fisherphillips.com
3   FISHER & PHILLIPS LLP
    621 Capitol Mall, Suite 1400
4   Sacramento, California 95814
    Telephone: (916) 210-0400
5   Facsimile:  (916) 210-0401

6   Attorneys for Defendant
    BEVMO! INC. (*erroneously sued as* BEVMO HOLDINGS,
7   LLC and BEVMO GC SERVICES, LLC)

8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12  SHELDON HUELL, an individual,              Case No:

13              Plaintiff,                      *[Originally Sacramento County Superior Court
                                               Case No. 34-2022-00322210]*
14       v.

15  BEVMO HOLDINGS, LLC, a Delaware           **DECLARATION OF CHRISTOPHER S.
    Limited Liability Company; BEVMO GC       ALVAREZ IN SUPPORT OF DEFENDANT'S
16  SERVICES, LLC, a California Limited        NOTICE OF REMOVAL OF ACTION
    Liability Company,                         PURSUANT TO 28 U.S.C. §§ 1331, 1367,
17                                             1441(a), AND 1446**
                Defendants.
18
                                               Complaint Filed:  June 21, 2022
19

20

21

22

23

24

25

26

27

28

## DECLARATION OF CHRISTOPHER S. ALVAREZ

I, CHRISTOPHER S. ALVAREZ, hereby declare and state as follows:

1.      I am an attorney at law duly licenses to practice in the State of California and before this Court. I am an associate with Fisher & Phillips LLP, counsel of record for Defendant BEVMO! INC. (*erroneously sued as* BEVMO HOLDINGS, LLC AND BEVMO GC SERVICES, LLC) ("Defendant"). I make this Declaration in support of Defendant's Notice of Removal under 28 U.S.C. sections 1331, 1367, 1441, subdivision (a), and 1446. My firm and I are counsel for Defendant in the civil action currently pending in the California Superior Court, in and for the County of Sacramento, entitled *Sheldon Huell, an individual v. Bevmo Holdings, LLC, a Delaware Limited Liability Company; Bevmo GC Services, LLC, a California Limited Liability Company*, Case No. 34-2022-00322210 ("State Court Action"). I am familiar with the records of Fisher & Phillips LLP regarding the above-captioned action and the State Court Action. All the information set forth herein is based on my personal and first-hand knowledge except where indicated, and if called and sworn as a witness, I could and would testify competently thereto.

2.      On information and belief, on or around June 21, 2022, Plaintiff Sheldon Huell ("Plaintiff") filed a Complaint in the Superior Court of the State of California in and for the County of Sacramento. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

3.      On or about July 6, 2022 and July 7, 2022, Plaintiff served the Summons and Complaint. A true and correct copy of Plaintiff's Summons, Complaint, and related documents are attached hereto as **Exhibit B**.

4.      As Defendant is the only defendant in the State Court Action, all parties have been served with Plaintiff's Complaint.

5.      On information and belief, and as of the date of the filing of Defendant's Notice of Removal, no other pleadings or other papers have been filed in the State Court Action.

6.      Based on my review of Plaintiff's Complaint, the claims and allegations contained therein amount to a question arising out of federal law. Specifically, Plaintiff pleads a cause of action for discrimination arising under federal law—Title VII of the Civil Rights Act of 1964 or  42 U.S.C. § 2000E-2 *et seq*. Moreover, all of Plaintiff's claims derive from his employment and separation from his

employment with Defendant. As a result, all causes of action in this case arise from a common nucleus of operative fact.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on August 5, 2022 at Sacramento, California.

*/s/ Christopher S. Alvarez*

Christopher S. Alvarez

DECLARATION OF CHRISTOPHER S. ALVAREZ IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441(A), AND 1446

FP 44762567.1

# EXHIBIT A

# EXHIBIT A

**WRIGHT LAW CORPORATION**
RYAN C. WRIGHT (SBN 318267)
ryan.wright@wrightlawcorp.com
2999 Douglas Blvd., Suite 180
Roseville, California 95661
Telephone: 916.299.0331

Attorney for Plaintiff
Sheldon Huell

FILED
Superior Court Of California,
Sacramento
06/21/2022
orublodolrlo
By_____ , Deputy
Case Number:
34-2022-00322210

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| SHELDON HUELL, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>BEVMO HOLDINGS, LLC, a Delaware Limited Liability Company; BEVMO GC SERVICES, LLC, a California Limited Liability Company,<br><br>        Defendants. | Case No.:<br><br>COMPLAINT FOR:<br>1. VIOLATION OF CAL. GOV. CODE § 12940<br>2. VIOLATION OF 42 U.S.C.A. § 2000e-2 *et seq*<br>3. VIOLATION OF CAL. LAB. CODE § 1197.5<br><br>Date:<br>Time:<br>Judge:<br>Courtroom:<br><br>**JURY TRIAL DEMANDED**<br><br>Action Filed:<br>Trial Date: |

Plaintiff Sheldon Huell (hereinafter "Huell") brings this action against Defendants Bevmo Holdings, LLC, a Delaware limited liability company (hereinafter "Bevmo holdings"); Bevmo GC Services, a California limited liability company (hereinafter "Bevmo GC Services"); and DOES 1 through 100, inclusive, (collectively "Defendants") and allege as follows:

///

///

///



1

COMPLAINT

1                              I.    INTRODUCTION

2          1.     Plaintiff brings this suit against Defendant for violations of the Fair Employment

3   and Housing Act under Cal. Gov. Code § 12940, Title VII under 42 U.S.C.A. § 2000e-2 *et seq.*,

4   and the Equal Pay Act under Cal. Lab. Code § 1197.5.

5          2.     Plaintiff is an African American man, employed at Bevmo! owned and operated by

6   Defendants.

7          3.     Plaintiff has worked for Bevmo! for over three years at two different locations.

8   Plaintiff has performed all work given to him as a cashier and a manager throughout his

9   employment at Bevmo!

10         4.     Plaintiff has suffered from wage discrimination based on race and color by being

11  paid $15.40 while four other managers doing substantially similar work are being paid between

12  $17.50–$19.00.

13                        II.    JURISDICTION AND VENUE

14         5.     This case is properly before this court because it involves issues of state law and

15  Plaintiff and Defendants do business or live in California.

16         6.     Venue is proper in the Superior Court of California, Sacramento because the dispute

17  substantially took place in Sacramento.

18                              III.    PARTIES

19         7.     Plaintiff Huell is an individual domiciled in the State of California.

20         8.     Defendant Bevmo Holdings, a limited liability company registered in the State of

21  Delaware and registered a foreign business entity in the State of California.

22         9.     Defendant Bevmo GC Services, a limited liability company registered in the State

23  of California.

24         10.    Plaintiff is unaware of the true identities of those Defendants sued herein as DOES

25  1 through 100, inclusive, and therefore sue such Defendants by the fictitious names.  Plaintiff is

26  informed and believes and thereon alleges that each of the fictitiously named Defendants is

27  responsible in some manner for the injuries and damages suffered by Plaintiff.  Plaintiff will seek

28



1    leave of Court to amend this Complaint to show the true names and capacities of the fictitiously

2    named Defendants if and when they have been ascertained.

3                               **I. FACTUAL ALLEGATIONS**

4       1. Plaintiff is employed at Bevmo! Bevmo! is owned and operated by Bevmo Holdings

5           and Bevmo GC Services.

6       2.    Plaintiff is an African American man.

7       3.    Plaintiff worked for two Bevmo! locations: Midtown Sacramento (1700 J Street)

8    and Natomas (3678 N. Freeway Blvd.).

9       4.    Plaintiff worked for the Midtown location from April 2018 to June 2020 as a cashier.

10      5.    While working at the Midtown location, Plaintiff asked why he was never

11   considered as a manager. The general manager told Plaintiff that he was not aware that Plaintiff

12   was interested in being a manager.

13      6.    Plaintiff expressed concern of the lack of African American managers in the

14   Sacramento Bevmo! locations. Plaintiff was told that there was only one African American

15   manager in a San Francisco location.

16      7.    Plaintiff earned $12 an hour without any pay raises as a cashier.

17      8.    In June 2020, Plaintiff transferred to the Natomas location and was made manager.

18   Plaintiff earned $14.90.

19      9.    By March 2021, Plaintiff earned $15.40 after receiving 40 cents raise.

20      10.   Plaintiff expressed concerns that he should be receiving $1 more as a manager.

21      11.   Plaintiff learned that four other managers received between $17.50–$19.00 while

22   performing substantially similar work and within the same hours. The managers also had similar

23   experiences to Plaintiff as two of the managers were hired after and trained by Plaintiff.

24      12.   These four managers had lighter skin tone and were "white-passing."

25      13.   Plaintiff asked Human Resources about the pay discrepancy and was told that

26   discussing wages was "unprofessional."

27      14.   Human Resources began an investigation shortly after.

28

1      15.     Plaintiff informed Human Resources that one of his managers was racist, but was

2    told that they could do nothing about it.

3      16.     After Plaintiff brought concerns to Human Resources, he noticed he received more

4    write-ups or other disciplinary actions and was given additional tasks other managers were not

5    asked to do.

6      17.     Plaintiff no longer works for Bevmo!

7      18.     Within the time provided by law, Plaintiff filed a complaint with the Department of

8    Employment and Fair Housing to satisfy administrative requirements and received a right-to-sue

9    letter.

10   ### FIRST CAUSE OF ACTION
Violations of the Fair Employment and Housing Act under Cal. Gov. Code § 12940
11                            (As Against All Defendants)

12     19.     Plaintiffs incorporate by reference the allegations in the foregoing paragraphs of this

13   Complaint as if fully set forth herein.

14     20.     Plaintiff is an "employee" as defined under Cal. Gov. Code § 12926.

15     21.     Defendant is an "employer" as defined under Cal. Gov. Code § 12926.

16     22.     Plaintiff is a member of a protected class as an African American man covered by

17   Cal. Gov. Code § 12940.

18     23.     Plaintiff is experiencing an adverse employment action under wage discrimination

19   because he is paid at a lower rate compared to similarly situated manager who have a lighter skin

20   tone or are "white-passing."

21     24.     Plaintiff worked the same hours doing substantially similar work with the same

22   experience compared to the other manager without any other causal link for the pay discrepancy,

23   thereby demonstrating Defendants' discriminatory animus towards Plaintiff.

24     25.     As a proximate result of Defendants' knowing, willful, and intentional

25   discrimination against Plaintiff, Plaintiff is experiencing substantial losses in earnings and other

26   employment benefits given.

27     WHEREFORE, Plaintiff requests the court grant relief against Defendants as follows:

28     i.      Award compensatory damages to Plaintiff in an amount to be determined at trial;



4

COMPLAINT

1    ii.    Award punitive damages to Plaintiff in an amount to be determined at trial;

2    iii.   Award pre-judgment and post-judgment interest, as provided by law;

3    iv.    Award reasonable attorney's fees;

4    v.     For the costs of suit incurred herein; and

5    vi.    For other and further legal and equitable relief as this Court deems just and proper.

6    **SECOND CAUSE OF ACTION**
     Violation of Title VII under 42 U.S.C.A. § 2000e-2 *et seq.*
7    (As Against All Defendants)

8    26.    Plaintiffs incorporate by reference the allegations in the foregoing paragraphs of this

9    Complaint as if fully set forth herein.

10   27.    Defendant is an "employer" under 42 U.S.C.A. § 2000e(b).

11   28.    Plaintiff is an African American "employee" under 42 U.S.C.A. § 2000e(f)

12   experiencing discrimination on the basis of race or color.

13   29.    Plaintiff is being paid $15.40 as a manager for Bevmo! while the other four mangers

14   are being paid $17.50–$19.00 for performing substantially similar work with the similar work

15   experience.

16   30.    Defendants have not provided Plaintiff with no other legitimate, non-discriminatory

17   reason for the pay discrepancy, thereby demonstrating disparate treatment between Plaintiff and

18   the other four managers.

19   31.    As a result of Defendants' adverse employment action, Plaintiff is suffering from

20   substantial loss of earnings and other employment benefits.

21   WHEREFORE, Plaintiff requests the court grant relief against Defendants as follows:

22   i.     Award compensatory damages to Plaintiff in an amount to be determined at trial;

23   ii.    Award pre-judgment and post-judgment interest, as provided by law;

24   iii.   Award reasonable attorney's fees;

25   iv.    For the costs of suit incurred herein; and

26   v.     For other and further legal and equitable relief as this Court deems just and proper.

27   ///

28



COMPLAINT

1

**THIRD CAUSE OF ACTION**
Violation of Equal Pay Act under Cal. Lab. Code § 1197.5
(As Against all Defendants)

2

3      32.     Plaintiffs incorporate by reference the allegations in the foregoing paragraphs of this

4   Complaint as if fully set forth herein.

5      33.     Plaintiff, an African American manager for Bevmo!, is being paid substantially less

6   compared to other similarly-situated managers.

7      34.     Plaintiff is being paid substantially less compared to other similarly situated

8   managers as an African American manager.

9      35.     Plaintiff earns $15.40 while the other managers, who have a lighter skin tone and

10   white passing, receive $17.50–$19.00 without any other bona fide reason.

11      36.     Plaintiff performs substantially similar work as the other managers who had the

12   same or less experience with similar duties.

13      37.     Defendants cannot provide a more bona fide reason for the pay discrepancy because

14   Plaintiff and the four other managers have similar experiences, seniority, and do substantially the

15   same work.

16      WHEREFORE, Plaintiff requests the court grant relief against Defendants as follows:

17      i.     Award wages owed with interest in an amount equal to wages unlawfully paid.

18      ii.    Award liquidated damages in an amount equal to wages unlawfully paid.

19      iii.   Award compensatory damages to Plaintiff in an amount to be determined at trial;

20      iv.    Award punitive damages to Plaintiff in an amount to be determined at trial;

21      v.     Award pre-judgment and post-judgment interest, as provided by law;

22      vi.    Award reasonable attorney's fees;

23      vii.   For the costs of suit incurred herein; and

24      viii.  For other and further legal and equitable relief as this Court deems just and proper.

25                              **JURY DEMAND**

26      Plaintiff requests a jury on all causes of action triable by jury.

27

28



COMPLAINT

1

2   DATED: June 21, 2022               Wright Law Corporation

3

4                                By: _____

5                                    Ryan C. Wright

                                   Attorney for Plaintiff

6                                  Sheldon Huell

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



7

**COMPLAINT**

# EXHIBIT B

# EXHIBIT B

**SUMMONS**
*(CITACION JUDICIAL)*

FILED
Superior Court Of California,
Sacramento
**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
erubtodelrio

By_____, Deputy
Case Number:
34-2022-00322210

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BEVMO HOLDINGS, LLC, a Delaware Limited Liability Company; BEVMO GC SERVICES, LLC, a California Limited Liability Company

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHELDON HUELL, an Individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the Information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Gordon D. Schaber Sacramento County Courthouse, 720 9th Street, Sacramento, CA 95814 | CASE NUMBER: *(Número del Caso):* |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ryan C. Wright, Wright Law Corporation, 2999 Douglas, Blvd., Suite 180, Roseville, CA 95661; 916.299.0331

| DATE: *(Fecha)* JUN 2 3 2022 | Clerk, by *(Secretario)* | E. DEL RIO | , Deputy *(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* BEVMO HOLDINGS, LLC A DELAWARE LIMITED LIABILITY COMPANY

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

BY FAX

**CM-010**

FILED
Superior Court Of California,
Sacramento

06/21/2022

orublodulric

By_____, Deputy

Case Number:

34-2022-00322210

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Ryan C. Wright (SBN 318267)<br>Wright Law Corporation<br>2999 Douglas Blvd., Suite 180, Roseville, CA 95661<br><br>TELEPHONE NO.: 916.209.0331   FAX NO. (Optional):<br>ATTORNEY FOR (Name): Plaintiff Sheldon Huell | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SACRAMENTO**
STREET ADDRESS: **720 9th Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **Sacramento 95814**
BRANCH NAME: **Gordon D. Schaber Courthouse**

CASE NAME:
**Sheldon Huell v. Bevmo Holdings, LLC, et al.**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): 1) Cal. Gov. Code s 12940 2) 42 USCA s 2000e-2 et seq 3) Cal. Lab. Code s 1197.5
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 21, 2022

Ryan Wright
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

BY FAX

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(If the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(If the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

**WRIGHT LAW CORPORATION**
RYAN C. WRIGHT (SBN 318267)
ryan.wright@wrightlawcorp.com
2999 Douglas Blvd., Suite 180
Roseville, California 95661
Telephone: 916.299.0331

Attorney for Plaintiff
Sheldon Huell

FILED
Superior Court Of California,
Sacramento
06/21/2022
orublodolrlo
By_____ , Deputy
Case Number:
34-2022-00322210

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO

SHELDON HUELL, an individual,

      Plaintiff,

vs.

BEVMO HOLDINGS, LLC, a Delaware
Limited Liability Company; BEVMO GC
SERVICES, LLC, a California Limited
Liability Company,

      Defendants.

Case No.:

COMPLAINT FOR:
1. VIOLATION OF CAL. GOV. CODE §
12940
2. VIOLATION OF 42 U.S.C.A. § 2000e-2 *et
seq*
3. VIOLATION OF CAL. LAB. CODE §
1197.5

Date:
Time:
Judge:
Courtroom:

**JURY TRIAL DEMANDED**

Action Filed:
Trial Date:

BY FAX

    Plaintiff Sheldon Huell (hereinafter "Huell") brings this action against Defendants Bevmo

Holdings, LLC, a Delaware limited liability company (hereinafter "Bevmo holdings"); Bevmo GC

Services, a California limited liability company (hereinafter "Bevmo GC Services"); and DOES 1

through 100, inclusive, (collectively "Defendants") and allege as follows:

///

///

///



1

COMPLAINT

## I.   INTRODUCTION

1. Plaintiff brings this suit against Defendant for violations of the Fair Employment and Housing Act under Cal. Gov. Code § 12940, Title VII under 42 U.S.C.A. § 2000e-2 *et seq.*, and the Equal Pay Act under Cal. Lab. Code § 1197.5.

2. Plaintiff is an African American man, employed at Bevmo! owned and operated by Defendants.

3. Plaintiff has worked for Bevmo! for over three years at two different locations. Plaintiff has performed all work given to him as a cashier and a manager throughout his employment at Bevmo!

4. Plaintiff has suffered from wage discrimination based on race and color by being paid $15.40 while four other managers doing substantially similar work are being paid between $17.50–$19.00.

## II.   JURISDICTION AND VENUE

5. This case is properly before this court because it involves issues of state law and Plaintiff and Defendants do business or live in California.

6. Venue is proper in the Superior Court of California, Sacramento because the dispute substantially took place in Sacramento.

## III.   PARTIES

7. Plaintiff Huell is an individual domiciled in the State of California.

8. Defendant Bevmo Holdings, a limited liability company registered in the State of Delaware and registered a foreign business entity in the State of California.

9. Defendant Bevmo GC Services, a limited liability company registered in the State of California.

10. Plaintiff is unaware of the true identities of those Defendants sued herein as DOES 1 through 100, inclusive, and therefore sue such Defendants by the fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the injuries and damages suffered by Plaintiff. Plaintiff will seek



COMPLAINT

1  leave of Court to amend this Complaint to show the true names and capacities of the fictitiously
2  named Defendants if and when they have been ascertained.

3                            I.   FACTUAL ALLEGATIONS

4      1.  Plaintiff is employed at Bevmo! Bevmo! is owned and operated by Bevmo Holdings
5          and Bevmo GC Services.

6      2.  Plaintiff is an African American man.

7      3.  Plaintiff worked for two Bevmo! locations: Midtown Sacramento (1700 J Street)
8  and Natomas (3678 N. Freeway Blvd.).

9      4.  Plaintiff worked for the Midtown location from April 2018 to June 2020 as a cashier.

10     5.  While working at the Midtown location, Plaintiff asked why he was never
11 considered as a manager. The general manager told Plaintiff that he was not aware that Plaintiff
12 was interested in being a manager.

13     6.  Plaintiff expressed concern of the lack of African American managers in the
14 Sacramento Bevmo! locations.  Plaintiff was told that there was only one African American
15 manager in a San Francisco location.

16     7.  Plaintiff earned $12 an hour without any pay raises as a cashier.

17     8.  In June 2020, Plaintiff transferred to the Natomas location and was made manager.
18 Plaintiff earned $14.90.

19     9.  By March 2021, Plaintiff earned $15.40 after receiving 40 cents raise.

20     10. Plaintiff expressed concerns that he should be receiving $1 more as a manager.

21     11. Plaintiff learned that four other managers received between $17.50–$19.00 while
22 performing substantially similar work and within the same hours. The managers also had similar
23 experiences to Plaintiff as two of the managers were hired after and trained by Plaintiff.

24     12. These four managers had lighter skin tone and were "white-passing."

25     13. Plaintiff asked Human Resources about the pay discrepancy and was told that
26 discussing wages was "unprofessional."

27     14. Human Resources began an investigation shortly after.

28



3

1     15.    Plaintiff informed Human Resources that one of his managers was racist, but was

2  told that they could do nothing about it.

3     16.    After Plaintiff brought concerns to Human Resources, he noticed he received more

4  write-ups or other disciplinary actions and was given additional tasks other managers were not

5  asked to do.

6     17.    Plaintiff no longer works for Bevmo!

7     18.    Within the time provided by law, Plaintiff filed a complaint with the Department of

8  Employment and Fair Housing to satisfy administrative requirements and received a right-to-sue

9  letter.

10                              **FIRST CAUSE OF ACTION**
       Violations of the Fair Employment and Housing Act under Cal. Gov. Code § 12940
11                              (As Against All Defendants)

12     19.    Plaintiffs incorporate by reference the allegations in the foregoing paragraphs of this

13  Complaint as if fully set forth herein.

14     20.    Plaintiff is an "employee" as defined under Cal. Gov. Code § 12926.

15     21.    Defendant is an "employer" as defined under Cal. Gov. Code § 12926.

16     22.    Plaintiff is a member of a protected class as an African American man covered by

17  Cal. Gov. Code § 12940.

18     23.    Plaintiff is experiencing an adverse employment action under wage discrimination

19  because he is paid at a lower rate compared to similarly situated manager who have a lighter skin

20  tone or are "white-passing."

21     24.    Plaintiff worked the same hours doing substantially similar work with the same

22  experience compared to the other manager without any other causal link for the pay discrepancy,

23  thereby demonstrating Defendants' discriminatory animus towards Plaintiff.

24     25.    As a proximate result of Defendants' knowing, willful, and intentional

25  discrimination against Plaintiff, Plaintiff is experiencing substantial losses in earnings and other

26  employment benefits given.

27        WHEREFORE, Plaintiff requests the court grant relief against Defendants as follows:

28        i.    Award compensatory damages to Plaintiff in an amount to be determined at trial;



4

**COMPLAINT**

1    ii.    Award punitive damages to Plaintiff in an amount to be determined at trial;

2    iii.   Award pre-judgment and post-judgment interest, as provided by law;

3    iv.    Award reasonable attorney's fees;

4    v.     For the costs of suit incurred herein; and

5    vi.    For other and further legal and equitable relief as this Court deems just and proper.

6                    **SECOND CAUSE OF ACTION**
              Violation of Title VII under 42 U.S.C.A. § 2000e-2 *et seq.*
7                         (As Against All Defendants)

8    26.    Plaintiffs incorporate by reference the allegations in the foregoing paragraphs of this

9    Complaint as if fully set forth herein.

10   27.    Defendant is an "employer" under 42 U.S.C.A. § 2000e(b).

11   28.    Plaintiff is an African American "employee" under 42 U.S.C.A. § 2000e(f)

12   experiencing discrimination on the basis of race or color.

13   29.    Plaintiff is being paid $15.40 as a manager for Bevmo! while the other four mangers

14   are being paid $17.50–$19.00 for performing substantially similar work with the similar work

15   experience.

16   30.    Defendants have not provided Plaintiff with no other legitimate, non-discriminatory

17   reason for the pay discrepancy, thereby demonstrating disparate treatment between Plaintiff and

18   the other four managers.

19   31.    As a result of Defendants' adverse employment action, Plaintiff is suffering from

20   substantial loss of earnings and other employment benefits.

21   WHEREFORE, Plaintiff requests the court grant relief against Defendants as follows:

22   i.     Award compensatory damages to Plaintiff in an amount to be determined at trial;

23   ii.    Award pre-judgment and post-judgment interest, as provided by law;

24   iii.   Award reasonable attorney's fees;

25   iv.    For the costs of suit incurred herein; and

26   v.     For other and further legal and equitable relief as this Court deems just and proper.

27   ///

28



COMPLAINT

**THIRD CAUSE OF ACTION**
Violation of Equal Pay Act under Cal. Lab. Code § 1197.5
(As Against all Defendants)

32.     Plaintiffs incorporate by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

33.     Plaintiff, an African American manager for Bevmo!, is being paid substantially less compared to other similarly-situated managers.

34.     Plaintiff is being paid substantially less compared to other similarly situated managers as an African American manager.

35.     Plaintiff earns $15.40 while the other managers, who have a lighter skin tone and white passing, receive $17.50–$19.00 without any other bona fide reason.

36.     Plaintiff performs substantially similar work as the other managers who had the same or less experience with similar duties.

37.     Defendants cannot provide a more bona fide reason for the pay discrepancy because Plaintiff and the four other managers have similar experiences, seniority, and do substantially the same work.

WHEREFORE, Plaintiff requests the court grant relief against Defendants as follows:

i.      Award wages owed with interest in an amount equal to wages unlawfully paid.

ii.     Award liquidated damages in an amount equal to wages unlawfully paid.

iii.    Award compensatory damages to Plaintiff in an amount to be determined at trial;

iv.     Award punitive damages to Plaintiff in an amount to be determined at trial;

v.      Award pre-judgment and post-judgment interest, as provided by law;

vi.     Award reasonable attorney's fees;

vii.    For the costs of suit incurred herein; and

viii.   For other and further legal and equitable relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury on all causes of action triable by jury.



6

COMPLAINT

DATED: June 21, 2022

Wright Law Corporation

By: _____

Ryan C. Wright
Attorney for Plaintiff
Sheldon Huell



7

**COMPLAINT**

| | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br>STREET ADDRESS: 720 Ninth STREET<br><br>MAILING ADDRESS: 720 Ninth STREET<br><br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br><br>BRANCH NAME: Gordon D Schaber Courthouse<br><br>PHONE NUMBER: (916) 874-5522 | |
| SHORT TITLE: Huell vs. Bevmo Holdings, LLC a Delaware Limited Liabil | |

| NOTICE OF CASE MANAGEMENT CONFERENCE<br>AND ORDER TO APPEAR | CASE NUMBER:<br>34-2022-00322210-CU-OE-GDS |
|---|---|

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 02/03/2023 in Department 31 in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
-Served all parties named in the complaint within 60 days after the summons has been issued
-Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
-Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov/PublicCaseAccess/

**Remote Appearances**
Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 06/23/2022

David  De Alba , Judge of the Superior Court



# SUPERIOR COURT OF CALIFORNIA
## County of Sacramento
## 720 Ninth Street
## Sacramento, CA  95814-1380
## (916) 874-5522—Website www.saccourt.ca.gov

## Program Case Notice
### Unlimited Civil Case

The Case Management Program (CMP) requires the following timelines to be met in all cases except those that are excluded by California Rule of Court 3.712(b), (c) and (d) and Local Rule 2.46(B), (E) and (F).

| Action | Requirement |
|---|---|
| **Service of Summons** | Summons, complaint and program case notice must be served on all named defendants and proofs of service on those defendants must be filed with the court within **60 days** from the filing of the complaint. |
| | When the complaint is amended to add a new defendant, the added defendant must be served and proofs of service must be filed within **30 days** after the filing of the amended complaint. |
| | A cross-complaint adding a new party must be served and proofs of service must be filed with the court **30 days** from the filing of the cross-complaint. |
| **Statement of Damages** | If a statement of damages pursuant to Section 425.11 of the Code of Civil Procedure or a statement of punitive damages is required, it must be served with the summons and complaint. |
| **Responsive Pleadings** | If a responsive pleading is not served within the time limits and no extension of time has been granted, the plaintiff within **10 days** after the time for service has elapsed must file a request for entry of default. |
| | Parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint. |
| | No extensions of time to respond beyond **105 days** from the filing of the complaint may be given. |
| **Judgment by Default** | When default is entered, the party who requested the entry of default must apply for a default judgment against the defaulting party within **45 days** after entry of default, unless the court has granted an extension of time. |
| **Case Management Statement** | The court will provide a notice of case management conference on the filing parties at the time that the case is filed with the court.  A case management statement shall be filed at least **15 calendar days** prior to the date set for the case management conference. |
| **Mediation Statement** | The Mediation Statement shall be filed concurrently with the Case Management Statement, unless the parties have filed a Stipulation for Alternative Dispute Resolution form with the ADR Administrator at any time up to 15 calendar days prior to the Case Management Conference, as required by Local Rule 2.51(E). |
| **Meet and Confer** | Parties must meet and confer, in person or by telephone as required in California Rules of Court 3.724 at least **30 calendar days** before the case management conference date. |
| **Case Management Conference** | A case management conference is generally held within **180 days** of the filing of the complaint. |

Failure to comply with the program rules may result in the imposition of sanctions or an order to show cause. Please refer to Local Rules Chapter Two – Part 4 for more information.

### NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT.

Program Case Notice (Unlimited Civil Case)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, STATE BAR # AND ADDRESS): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.                    FAX NO. (*Optional*)<br>EMAIL ADDRESS (*Optional*)<br>ATTORNEY FOR (*NAME*): | |
| **Superior Court of California, County of Sacramento**<br>720 Ninth Street, Room 101<br>Sacramento, CA 95814-1380<br>(916) 874-5522—Website www.saccourt.ca.gov | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE MANAGEMENT CONFERENCE<br>DATE: |
| **STIPULATION AND ORDER TO MEDIATION – UNLIMITED CIVIL** | CASE NUMBER:<br><br>ASSIGNED DEPT.: |

The parties and their attorneys stipulate that the claims in this action shall be submitted to the following mediation process:

**Type of Mediation (select one):**

[ ] 1. **Court Mediation.** *Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process: the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.*

[ ] 2. **Court Mediation in lieu of previously ordered Arbitration.** *Mediator's on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process: the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.*

[ ] 3. **Private Mediation.** *Per Local Rule 2.84 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

[ ] 4. **Private Mediation in lieu of previously ordered Arbitration.** *Per Local Rule 2.84 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

**Neutral**

Court Neutral Selected:                    Name_____
(If type of Mediation selected above is option 1 or 2)

Alternate Court Neutral Selected:          Name_____
(If type of Mediation selected above is option 1 or 2)

Alternate Court Neutral Selected:          Name_____
(If type of Mediation selected above is option 1 or 2)

Private Neutral Selected:                  Name_____
(If type of Mediation selected above is option 3 or 4)

**Other Stipulations**

[ ] Discovery to remain open 30 days prior to trial.

Additional Stipulations: _____

Stipulation and Order to Mediation – Unlimited Civil

## STIPULATION AND ORDER TO MEDIATION – UNLIMTED CIVIL

PLAINTIFF/PETITIONER: _____     CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

_____   _____   _____
Name of Party Stipulating       Name of Party or Attorney Executing Stipulation     Signature of Party or Attorney
                                Bar # _____
                                Address_____
                                _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____   _____   _____
Name of Party Stipulating       Name of Party or Attorney Executing Stipulation     Signature of Party or Attorney
                                Bar # _____
                                Address_____
                                _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____   _____   _____
Name of Party Stipulating       Name of Party or Attorney Executing Stipulation     Signature of Party or Attorney
                                Bar # _____
                                Address_____
                                _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

☐ Additional Signature Page(s) Attached

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore:

☐ Stipulation and Order to Mediation deferred to Case Management Conference.

☐ The Court orders the parties to enter mediation as stipulated above, pursuant to Chapter Two – Part 5 of the Local Rules.

☐ Previously scheduled Case Management Conference is vacated.

☐ Previous order to Arbitration is vacated and appointment of Arbitrator rescinded.

☐ The case is ordered to the Trial-Setting Process. The Trial and Settlement Conference dates shall be selected no later than

_____.

☐ Trial-Setting Conference is vacated.

☐ Time to Select Trial date and Mandatory Settlement Conference date is extended to _____.

☐ Mediation Status Conference set for:   _____   _____   _____
                                          Date             Time             Department

☐ Stipulation and Order to Mediation denied.

☐ It is further ordered that: _____

_____

Dated: _____     Signed: _____
                                            Judge of the Superior Court

Stipulation and Order to Mediation – Unlimited Civil

## STIPULATION AND ORDER TO MEDIATION

*(Additional Signature Page)*

PLAINTIFF/PETITIONER: _____   CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

_____   _____   _____
Name of Party Stipulating      Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney
                              Bar # _____
                              Address_____
                              _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____   _____   _____
Name of Party Stipulating      Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney
                              Bar # _____
                              Address_____
                              _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____   _____   _____
Name of Party Stipulating      Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney
                              Bar # _____
                              Address_____
                              _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____   _____   _____
Name of Party Stipulating      Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney
                              Bar # _____
                              Address_____
                              _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____   _____   _____
Name of Party Stipulating      Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney
                              Bar # _____
                              Address_____
                              _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

Stipulation and Order to Mediation – Unlimited Civil



**SUPERIOR COURT OF CALIFORNIA**
COUNTY OF SACRAMENTO
SACRAMENTO, CALIFORNIA, 95814
916-874-5522
WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

### What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences

- Private judging
- Neutral evaluation

- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

### What are the advantages of using ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration and Mediation

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.


**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

**Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

**Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

#### UNLIMITED CIVIL CASES

- A *Stipulation and Order to Mediation – Unlimited Civil Cases,* Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

- A *Mediation Statement* must be filed with the *Case Management Statement.*

#### LIMITED CIVIL CASES

- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.



## Arbitration
### *UNLIMITED CIVIL CASES*

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

### LIMITED CIVIL CASES
Arbitration may occur in a limited civil case under the following circumstances:

- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

### Additional Information
For additional information regarding the Court's ADR program, please go to the Court's website http://www.saccourt.ca.gov.

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| STREET ADDRESS: | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | |
| BRANCH NAME: | |

| PLAINTIFF/PETITIONER: | |
|---|---|
| DEFENDANT/RESPONDENT: | |

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

| A CASE MANAGEMENT CONFERENCE is scheduled as follows: |
|---|
| Date:                Time:              Dept.:          Div.:            Room: |
| Address of court *(if different from the address above)*: |
| ☐ Notice of Intent to Appear by Telephone,  by *(name)*: |

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in  ☐ complaint   ☐ cross-complaint     *(Describe, including causes of action)*:

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:                          f.  Fax number:
   e. E-mail address:                             g.  Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
   a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

      (1) For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

      (2) For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

   b. **Referral to judicial arbitration or civil action mediation** (if available).
      (1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

      (2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

      (3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*
      Party                     Description                     Date

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other Issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**