UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SHELDON HUELL, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BEVMO HOLDINGS, LLC, a Delaware Limited Liability Company; and BEVMO GC SERVICES, LLC, a California Limited Liability Company,<br><br>　　　　Defendants. | No. 2:22-cv-01394 WBS AC<br><br>ORDER RE: DEFENDANT'S MOTION TO COMPEL ARBITRATION and DISMISS FIRST AMENDED COMPLAINT |

----oo0oo----

Plaintiff Sheldon Huell brought this action against his former employer, Bevmo! Inc.,[1] alleging claims for wage discrimination on the basis of race under both California and federal law. (Docket No. 1-2.)

The factual background of this case is described in

---

[1] Plaintiff originally sued Bevmo Holdings, LLC and Bevmo GC Services. However, the correct defendant is Bevmo!, Inc. (See Pl.'s Mot. to Amend at 1 (Docket No. 8-1).) Accordingly, the court will use "defendant" in the singular in this order.

1

1  detail in the court's November 16, 2022 Order (Order on Mot. to
2  Compel ("Order") (Docket No. 16)), which granted defendant's
3  motion to compel arbitration.  The Order also gave plaintiff
4  leave to amend the Complaint to add a claim under California's
5  Private Attorneys General Act ("PAGA").  Plaintiff has since
6  amended the Complaint to add a PAGA claim.  (See First Am. Compl.
7  ¶¶ 36-39 (Docket No. 18.).)  Defendant now moves to compel
8  arbitration of plaintiff's PAGA claim and dismiss the First
9  Amended Complaint.[2]  (Docket No. 21.)

10      Plaintiff's PAGA claim can be split into individual and
11 non-individual claims.  See Viking River Cruises, 142 S. Ct.
12 1906, 1923-26 (2022).  Because individual PAGA claims can be
13 arbitrated and, under the Agreement, plaintiff has waived any
14 right to have such claims decided in court, the court will compel
15 plaintiff's individual PAGA claim to arbitration.  See id. at
16 1925 ("[Defendant] was entitled to enforce the agreement insofar
17 as it mandated arbitration of [plaintiff's] individual PAGA
18 claim.").

19      On the other hand, plaintiff's non-individual PAGA
20 claims must be dismissed for lack of statutory standing because
21 "[w]hen an employee's own dispute is pared away from a PAGA
22 action, the employee is no different from a member of the general

---

[2] Defendant also filed a request for judicial notice asking the court to take notice of plaintiff's original complaint filed in Superior Court and three district court orders.  (Docket No. 21-3.)  Because such documents are matters of public record not reasonably subject to dispute, the court will take judicial notice of them.

2

1   public, and PAGA does not allow such persons to maintain suit."[3]
2   See id. (explaining that "the correct course is to dismiss h[is]
3   remaining claims").

4           "[A] district court may either stay the action or
5   dismiss it outright when . . . the court determines all of the
6   claims raised in the action are subject to arbitration."
7   Johnmohammadi v. Bloomingdale's, Inc., 755 F.3d 1072, 1074 (9th
8   Cir. 2014) (citing Sparling v. Hoffman Constr. Co., 864 F.2d 635,
9   638 (9th Cir. 1988).  Here, because all of plaintiff's claims
10  have either been compelled to arbitration or dismissed, the court
11  will exercise its discretion and dismiss the remaining claim in
12  the First Amended Complaint.

13          IT IS THEREFORE ORDERED that defendant's motion to
14  compel to arbitration of plaintiff's individual PAGA claim
15  (Docket No. 21) be, and the same hereby is GRANTED;

16          AND IT IS FURTHER ORDERED that the remaining claim of
17  plaintiff's First Amended Complaint (Docket No. 18), is HEREBY
18  DISMISSED.

19  Dated:  February 7, 2023           WILLIAM B. SHUBB
                                       UNITED STATES DISTRICT JUDGE

---

[3]     Shortly after the Viking River Cruises decision, the California Supreme Court granted review in Adolph v. Uber Technologies, Inc. to address the question of whether an individual loses statutory standing as to non-individual PAGA claims where the individual PAGA claim has been compelled to arbitration.  See Nos. G059860, G060198 (4th Dist. 2022), review granted, No. S274671 (July 20, 2022).  See also Viking River Cruises, 142 S. Ct at 1925 ("Of course, if this Court's understanding of state law is wrong, California courts, in an appropriate case, will have the last word.") (Sotomayor, J., concurring).